**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Best Western International, Inc.,
                              )
                              )
                Plaintiff,    )        No. CV-07-1701-PHX-PGR
        vs.                   )
                              )
                              )
Satish Bhakta, et ux.         )                ORDER
                              )
                Defendants.   )
_____ )

        Having considered the plaintiff's Motion for Default Judgment (doc. #13), and the exhibits attached thereto, the Court finds that the motion should be granted pursuant to Fed.R.Civ.P. 55(b)(2) to the extent set forth herein.

        The Court first concludes that defendant Satish Bhakta was properly served on October 25, 2007 (doc. #9)[1], that Mr. Bhakta has not filed an answer, and that default was properly entered against Mr. Bhakta by the Clerk of the Court on March 3, 2008 (doc. #12).

        The Court also concludes that the plaintiff has properly established through the exhibits attached to its Motion for Default Judgment that it is entitled to the amount of $19,809.67, plus interest thereon at the rate of 1.5% per month from

---

[1]     Co-defendant Shailaben Bhakta was dismissed from this action without prejudice pursuant to Fed.R.Civ.P. 4(m) on January 23, 2008 (doc. #11).

1    and after November 1, 2007, as damages under Count I (Breach of Contract) and

2    Count II (Open Account) of the Verified Complaint.

3         The Court further concludes that the exhibits establish that the plaintiff is

4    entitled to liquidated damages in the amount of $28,586.25 pursuant to Count III

5    of the Verified Complaint.  The Court reaches this conclusion based solely on

6    paragraph 24 of the membership agreement and the information provided in

7    Exhibit C to the Motion for Default Judgment.  The Court has disregarded

8    paragraph 11 of the Affidavit in Support of Motion for Default Judgment,

9    submitted by Cheryl Pollack, the plaintiff's Director of Member Care and

10   Development Administration.  Although paragraph 11 of the affidavit was meant

11   to pertain to the liquidated damages amount, Ms. Pollack's statements therein

12   that the applicable liquidated damages amount to $522.90 per day, for a total of

13   $49,675.50 as of April 10, 2007, clearly have no application to the facts of this

14   action and were thus improperly submitted in conjunction with this action.[2]

15        The Court further concludes pursuant to paragraph 36 of the membership

16   agreement that the plaintiff is entitled to attorney's fees and expenses.  While the

17   Court believes that the hourly rate of $225.00 charged by the plaintiff's counsel is

18   reasonable, as is the $716.18 in requested expenses, the Court will reduce the

19   amount of fees requested by the plaintiff by $450.00 due to the plaintiff's failure to

20

21        [2]

22        The Court's calculation of the amount of liquidated damages for
     purposes of paragraph 24 of the membership agreement is based on the
23   following: the evidence establishes that the plaintiff's signage improperly
     remained in place from May 17, 2007 (the 16th day after the plaintiff terminated
24   the agreement) through August 1, 2007, for a total of 77 days; that 15% of the
     mean daily room rate of $75.00 equals $11.25; and that $11.25 per day times 77
25   days equals $28,586.25, the amount requested in the Motion for Default
     Judgment under Count III.
26

ensure that its request for liquidated damages was properly supported by Ms. Pollack's affidavit, which failure resulted in the unnecessary expenditure of scarce judicial resources in determining whether the plaintiff was in fact entitled to the amount of liquidated damages requested.  Therefore,

IT IS ORDERED that plaintiff Best Western International, Inc.'s Motion for Default Judgment (doc. #13) is granted to the extent that the Clerk of the Court shall enter default judgment in favor of the plaintiff and against defendant Satish Bhakta as follows:

(1) On Counts I and II of the Verified Complaint, in the amount of $19,809.67, plus interest thereon at the rate of 1.5% per month from and after November 1, 2007;

(2) On Count II of the Verified Complaint, in the amount of $28,586.25; and

(3) On all counts of the Verified Complaint, attorney's fees in the amount of $2,250.00 and expenses in the amount of $716.18, for a total amount of attorney's fees and expenses of $2,966.18.

IT IS FURTHER ORDERED that plaintiff Best Western International, Inc.'s Application for Preliminary Injunction (doc. #4) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall terminate this action.

DATED this 7th day of April, 2008.


Paul G. Rosenblatt
United States District Judge

- 3 -